IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM M. DUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09cv973-MHT |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Based on the court's review of the record in this case and the briefs

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

of the parties, the court concludes that the decision of the Commissioner should be reversed and remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A) a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3]  *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction**. Plaintiff William Ducker ("Ducker") was 35 years old at the time of the hearing before the ALJ. (R. 22). He has a seventh grade education. (R. 23). Ducker alleges that he is unable to work due to pain in his neck, shoulder and lower back. (R. 29).

Following a hearing, the ALJ concluded that the plaintiff had severe impairments of "residual effects of shoulder and back surgery; degenerative disc disease; and reduced visual acuity in one eye." (R. 13). The ALJ concluded that the plaintiff's depression and anxiety

3

were not severe impairments. (*Id*.) Ducker's prior work experience includes work as a tree trimmer and foundry worker. (R. 15). The ALJ concluded that Ducker has the residual functional capacity to perform a work that does not require "exertion about the light level . ...; or more than occasional stooping, kneeling, crouching, or crawling; or more than frequent extension of the dominant arm; or the constant rotation of the neck; or exposure to hazards that could arise due to monocular vision," (R. 13). The ALJ then concluded that Ducker could not perform any past relevant work, (R. 15), but nonetheless, relying on the testimony of the vocational expert, concluded that the plaintiff was not disabled because he had the residual functional capacity to perform work that exists in significant numbers in the national economy. (R. 16).

The plaintiff, proceeding *pro se*, challenges whether the Commissioner's disability decision is supported by the proper legal standards and substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). The court concludes that the ALJ erred as a matter of law, and, thus, this case is due to be remanded for further proceedings.

## IV. Discussion

During the administrative hearing, Ducker testified that he has been treated for depression and anxiety, and that he takes medication for both conditions. (R. 26-28). He testified that the medication gives him a "bad attitude" and causes him to be in a "really bad mood." (R. 28). However, he does not get mental health counseling because he cannot afford the treatment. "That's kind of why I'm trying to get all this going because – so I can

get some medical help." (*Id*.).

In considering Ducker's possible mental impairment, this is what the ALJ said:

> I concur in the expert opinion of the state agency (SSR 96-6p) that the clamant does not have severe depression or anxiety (Exhibit 8F). The claimant testified that he had been treated by Dr. Moore at Valley Healthcare for depression and anxiety about six months before his hearing. My review of the records of Valley Healthcare System, Inc., including those of James Zumstein, M.D., reveals an entry in October 2004 (Exhibits 5F/13, 15, 12F/10), about 10 months before the alleged onset of disability, noting the claim;;mt's complaints of nervousness and generalized anxiety, for which Dr. Zumstein prescribed the medication Wellbutrin and Paxil. A form completed in March 2008 by a doctor at Valley Healthcare (Exhibit 14FIl) lists depression among the claimant's diagnoses, and a flat affect, agitation and increased rate of speech are listed, but without further details or reference to treatment records. Anxiety is listed in a treatment record in September 2007 (Exhibit l4F/4). The evidence shows that anxie1ty is present but does not show that the claimant is unable to perform unskilled work (20 CFR404.1 568(a)).

(R. 13).

The state agency reviewer completed a Psychiatrict Review Technique Form (PRTF) and concluded that Ducker's impairments of affective disorder and anxiety related disorder were "not severe." (R. 295). The reviewer found that Ducker had only mild limitations in the functional areas of activities of daily living, social functioning and maintaining concentration, persistence and pace. (R. 305). In reaching that conclusion, the reviewer relied solely on the medical records which were also before the ALJ. Admittedly, those records are sketchy, but that is the crux of the problem in this case.

Ducker has not worked since August 12, 2005, the onset date. (R. 24). He lives with his fiancee; she does not work. (R. 22). In his *pro se* brief, Ducker states he "does not have

5

any medical insurance and I cannot afford a lot of the specialists . . . I need to go to." It is reasonable for the court to conclude on the record before it that Ducker's lack of insurance and financial ability affected his ability to obtain treatment for his depression.

While a claimant has the burden of proving that he is disabled, an ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Poverty may well relieve a claimant of certain responsibilities the claimant otherwise would bear. *See Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988). Here, in concluding that Ducker's mental impairments were not severe, the ALJ relied on an expert opinion which was not based on examination of Ducker by any qualified psychiatrist or psychologist. In this Circuit, that is error. "[I]n any case where there is evidence which indicates the existence of a mental impairment the . . . [Commissioner] may determine that the claimant is not disabled only if the . . . [Commissioner] has made every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist." *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988) (Interpreting 42 U.S.C. § 421(h) as requiring an examination).[4]

Moreover, here the opinion of the ALJ is suspect for the additional reason that it does

---

[4] In *Sneed v. Barnhart*, 214 Fed. Appx 883 (11th Cir. 2006), the court suggested that *McCall* incorrectly interprets 42 U.S.C. § 421(h) as requiring a psychological consultative examination whenever there is evidence of a mental impairment. "The Third Circuit has held that the normal requirement to order a psychiatric consult pursuant to § 421(h) does not apply to cases falling under the limited exception found in § 421(d), or cases heard by an ALJ. *Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir.1999) (holding that § 421(h) consultation requirement applies only to cases falling under § 421(a), (c), (g), (i) at the initial and reconsideration levels). In such cases, an ALJ has regulatory flexibility to evaluate mental impairments to determine their severity. *Id. ; see also* 20 C.F.R. § 404.1520a (evaluation of mental impairments). *Sneed*, of course, did not overrule *McCall*, and it remains the law of this Circuit.

"

not appear consistent with the law of the Circuit relating to consideration of the effects of a mild mental impairment. The reviewer who completed the PRTF found mild limitations in three functional areas as already described. " 'Even a "mild" mental impairment may "prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.' " *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989) (citing *Tucker v. Schweiker*, 689 F.2d 777, 780 (8th Cir. 1982) (quoting *Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 666 n. 8 (1st Cir. 1981)). Thus, the court concludes that the ALJ failed to properly consider the effects of Ducker's mental impairment on his ability to do work.

## V. Conclusion

Accordingly, it is the Recommendation of the Magistrate Judge that this case be reversed and remanded to the Commissioner for further proceedings consistent with this Recommendation including full development of evidence concerning the effect of Ducker's mental impairment on his ability to perform work. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before March 9, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of February, 2011.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE